IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| SNYDER EQUIPMENTCOMPANY, INC.<br><br>Plaintiff,<br><br>v.<br><br>ATLANTA CABLE SALES, INC, D.B.A ACS SOLUTIONS AND DAVID FOX<br><br>Defendants. | Western District Case No.: 6:16-cv03091<br>Greene County Case No.: 1631-CC001158 |

## DEFENDANTS' NOTICE OF REMOVAL & JURY DEMAND

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

COME NOW Defendants Atlanta Cable Sales, Inc., D.B.A. ACS Solutions ("ACS") and David Fox ("Mr. Fox" and collectively with ACS, "Defendants"), by and through their undersigned counsel, and hereby notice the removal of Civil Action No. 1631-CC00158, from the 31st Judicial District Circuit Court, Green County, Missouri (the "State Court"), to the United States District Court for the Western District of Missouri, Southern Division, pursuant to 28 U.S.C. §§1441 and 1446.

This action is removable to this Court because: (a) this Court has original jurisdiction over this case under 28 U.S.C. § 1332 ("Diversity of Citizenship; Amount in Controversy; Costs); (b) this Notice of Removal is filed within thirty days (30) after Defendants were served with the Verified Petition and Summons; and (c) the State Court is within this Court's district and division.

With respect to said removal, Defendants state as follows:

**Background**

1. On February 8, 2016, Plaintiff Snyder Equipment Company, Inc. ("Plaintiff") filed Civil Action No. 1631-CC00158, styled *Snyder Equipment Company, Inc. v. Atlanta Cable Sales, Inc. d/b/a ACS Solutions and David Fox* in the Circuit Court of Greene County, Missouri (the "State Action"). On February 15, 2016, Defendants received notice of the State Action through service upon Mr. Fox. (Affidavit of David Fox, attached as **Exhibit A,** ¶4). A copy of Plaintiff's Verified Petition in the State Action (the "Petition"), along with all Exhibits, as served on Defendants, and all other process, pleadings, and orders served and/or filed in the State Action is attached hereto as **Exhibit B**, and the purported Exhibit 1 to the Petition[1] is attached hereto as **Exhibit C**.

2. This Notice of Removal is filed within 30 days of Defendants' receipt of notice of the Petition. *See* (Fox Aff. at ¶4). Therefore, the date on or before which Defendants are required, by the laws of the State of Missouri to answer or otherwise respond to the Petition has not lapsed. *See* Missouri Rule of Civil Procedure 55.25(a) ("A defendant shall file an answer within thirty days after the service of the summons and petition…").

3. The Petition asserts several causes of action arising from Defendants' alleged misuse of allegedly confidential information that allegedly was disclosed by Plaintiff to Defendants during discussions related to potential business dealings. The Petition asserts causes of action for: (a) Breach of Contract, (b) Fraud in the Inducement, (c) Tortious Interference with Business Expectations, (d) Misappropriation of Trade Secrets, and (e) Unfair Competition. (Petition at pp. 5-13).

---

[1] While referenced as Exhibit 1 in the Petition, Plaintiff failed to file a copy of the referenced agreement with its Petition.

4. For each of its claims for Breach of Contract and Fraud in the Inducement, Plaintiff alleges that it has "suffered monetary damages in excess of $25,000 and in an amount to be determined at trial." (Petition at pp. 6, 8). Plaintiff claims that Defendants' "actions were intentional, outrageous, and malicious, thereby justifying the imposition of punitive damages against both [D]efendants to prevent them and those similarly situated from like actions in the future." (*Id*. at pp. 9, 13).

5. Among other things, Plaintiff alleges that ACS used allegedly confidential information that it allegedly obtained to "bid directly in competition with Snyder for a substantial supply request from at least one of Snyder's Equipment railroad customers." (Petition at ¶22). Upon information and belief, the supply request referenced by Plaintiff could only have been for Norfolk Southern Corporation ("<u>Norfolk Southern</u>"). (Fox Aff. at ¶5). In response to Norfolk Southern's request for bids, Plaintiff, ACS, and at least one other company, JEM Communications, Inc., submitted bids. (*Id.*). ACS has not been awarded the bid. (*Id*.).

6. Plaintiff also seeks injunctive relief against the Defendants, through which it seeks to use previous discussions concerning potential business dealings to remove and prevent Defendants as competitors in the areas where Plaintiff competes. (Petition at pp. 10-11); *see also* (Plaintiff's Motion for Preliminary Injunction).

## Diversity Jurisdiction

7. This Court has "diversity jurisdiction" over this action pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Complete diversity exists between the parties. Plaintiff is a Maryland corporation with its principal place of business located in Missouri. (Petition at ¶1). ACS is a Georgia

3

4813-5487-8766.2
Case 6:16-cv-03091-DPR   Document 1   Filed 03/08/16   Page 3 of 11

corporation, operating from its corporate offices in Suwanee, Georgia. (*Id*. at ¶2, 3). Mr. Fox is a resident of the State of Georgia. (*Id*. at ¶2).

9. Defendants deny that Plaintiff is entitled to recover any amount or other relief, and they specifically deny that Plaintiff is entitled to the relief in the various forms sought. Nevertheless, the allegations of the Petition place in controversy more than $75,000, exclusive of interests and costs.

10. Although the removing Defendants have the burden of proving the existence of federal jurisdiction, "[w]here [as here] a Plaintiff has made an unspecified demand for damages, a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS. Dealer Services Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Courts within the Eighth Circuit have relied upon *Tapscott* to require a removing defendant to establish that there is a "reasonable basis" that if successful, Plaintiff's claims would exceed the jurisdictional threshold. *See, e.g., McClure v. Raymond Corp*., 174 F.Supp.2d 982, 984 (E.D. Mo. 2001) ("This Court has typically been inclined to make an independent appraisal of the monetary value of the claim where there is a reasonable basis for doing so, bearing in mind the removing defendant's burden of proof on the issue.").

11. There is at least a reasonable basis to conclude that Plaintiff's allegations place more than $75,000 in controversy.

12. Plaintiff seeks damages for, among other things, its unsuccessful Norfolk Southern bid. The value of such contract is approximately $750,000, meaning a net margin of only 10% would render profits exceeding $75,000. (Fox Aff. at ¶5).

13. In addition to the actual damages that Plaintiff has alleged, Plaintiff also seeks punitive damages. Plaintiff alleges that Defendants undertook an intentional, premeditated scheme to defraud Plaintiff into providing confidential information and trade secrets for purposes of using such information to unlawfully compete against Plaintiff. Punitive damages are included in determining the amount in controversy for diversity jurisdiction purposes. *See, e.g., Williams v. Omaha Paper Stock, Inc.,* No. 4:06CV884 FRB, 2006 WL 2085463, at *3 (E.D. Mo. July 25, 2006) (*citing State of Mo. ex rel. Pemiscot County, Mo. v. Western Surety Co*., 51 F.3d 170, 173 (8th Cir.1995). Under Missouri law, punitive damages are capped at the greater of $500,000 or five times the amount of judgment awarded to plaintiff. *See* Mo. Stat. 510.265.1. Therefore, if successful, Snyder could recover up to $500,000 in punitive damages for the more than $25,000 in actual damages that Plaintiff seeks.

14. Plaintiff's claim for injunctive relief also satisfies the amount in controversy requirement. Under applicable Eighth Circuit law, "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *James Neff Kramper Family Farm P'Ship, Inc*., 393 F.3d 828, 831 (8th Cir. 2005), *quoting Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). "In a suit for declaratory or injunctive relief the amount in controversy is the value to the plaintiff of the right that is in issue." *Usery v. Anadarko Petroleum Corp.,* 606 F.3d 1017, 1018 (8th Cir. 2010). While often referred to as the "plaintiff's viewpoint rule," "the question is not how a plaintiff subjectively values a right or even what his or her good-faith estimate of its objective value is: The question is the actual value of the object of the suit." *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1019 (8th Cir. 2010).

15. Here, following the approximately $750,000 Norfolk Southern bid, Plaintiff has sued to permanently exclude Defendants from competing against it on a worldwide basis. According to Plaintiff, it "has very few competitors, and for many of its products has no competitors due to the proprietary designs and manufacturing methods of that company." (Petition at ¶7). Thus, Plaintiff seeks to maintain its alleged position as a monopolist for at least some of the industrial products that it manufactures and sells, and its alleged oligopolistic position for other products. (*Id.*) It cannot credibly be argued that there is a reasonable basis to conclude that the value to Plaintiff for the injunction it seeks would not exceed $50,000.

16. In its Petition, Plaintiff relies upon the Confidentiality and Nondisclosure agreement, dated December 15, 2014, by and between Plaintiff and ASC (attached hereto as <u>Exhibit C</u>), as its basis for invoking venue and jurisdiction in the State Court. *See* (Petition at ¶4) ("Jurisdiction and venue are appropriate with this court because the parties hereto entered into a written Confidentiality and Non-Disclosure Agreement … containing an agreed upon forum selection clause designating the state courts of Greene County, Missouri as the place for any legal action for the enforcement of the contract.").

17. Plaintiff and ACS are the exclusive parties to the Nondisclosure Agreement. (Nondisclosure Agreement at p. 1). Mr. Fox is not a party to the Nondisclosure Agreement. *See* (*id.*). Mr. Fox signed the Nondislosure Agreement solely in his capacity as a representative of ACS. (*Id.*); *see also* (Petition at ¶12).

18. The Nondisclosure Agreement provides as follows with respect to governing law and venue:

> Entire Agreement and Governing Law: This Agreement constitutes the entire agreement with respect to the Confidential Information and supersedes all prior or contemporaneous oral or written agreements concerning such Confidential Information. This Agreement may not be amended or modified except by the

6
4813-5487-8766.2
Case 6:16-cv-03091-DPR   Document 1   Filed 03/08/16   Page 6 of 11

> written agreement signed by the authorized representatives of both parties. This Agreement will be governed an construed in accordance with the laws of the State of Missouri and ***the parties* agree that any action to enforce this Agreement shall be brought in the state courts within Greene County, Missouri.** In the event that Company institutes any action to enforce the terms of this Agreement, You [ACS] agree to pay Company's costs, fees and expenses therefore, including reasonable attorneys' fees.

(Nondisclosure Agreement at p. 1) (emphasis added).

19. Because Mr. Fox is not a party to the Nondisclosure Agreement; he has not consented to exclusive or other venue and/or jurisdiction within the State Court or elsewhere. (*Id*.); *see also* (Fox Aff at ¶9).

20. The Nondisclosure Agreement does not otherwise preclude ACS or Mr. Fox from removing the State Action. A forum selection clause may waive a defendant's right to remove only if such waiver is "clear and unequivocal." *See Weltman v. Silna,* 879 F.2d 425, 427 (8th Cir.1989). The Eighth Circuit has concluded that a forum selection clause is not "clear and unequivocal" where, as here, it "d[oes] not address removal." *Id*.

21. Conversely, *in iNet Directories, LLC v. Developershed, Inc.,* 394 F.3d 1081 (8th Cir.2005) (per curiam), the Eighth Circuit considered a forum selection clause that read as follows:

> The Parties hereby irrevocably waive any and all objections which any Party may now or hereafter have to the exercise of personal and subject matter jurisdiction by the federal or state courts in the State of Missouri and to the laying of venue of any such suit, action or proceeding brought in any such federal or state court in the State of Missouri.

*Id.* at 1081. The Eighth Circuit concluded that the clause in *iNet* "unambiguously prohibited [the defendant] from objecting to venue" in Missouri, because "the parties waive[d] any objections to the laying of venue in any court in Missouri." *Id.* at 1081–82, *citing Waters v. Browning–Ferris Indus., Inc.,* 252 F.3d 796, 797–98 (5th Cir.2001)).

22. Together, *Weltman* and *iNet* stand for the proposition "that a simple agreement that venue is proper in a particular court is not a 'clear and unequivocal' waiver of the right to remove, but a waiver of the right to object to venue does constitute a 'clear and unequivocal' waiver of the right to remove." *Mihlfeld & Assocs., Inc. v. Glock, Inc.,* No. 05–3085–CV–S, 2005 WL 1009579, at *2 (W.D.Mo. Apr. 27, 2005). Courts in the Eighth Circuit accordingly have required agreements to provide that a specific forum must be the "exclusive jurisdiction" for any such dispute. *See, e.g., Push Pedal Pull, Inc. v. Casperson*, 971 F. Supp. 2d 918, 928 (D.S.D. 2013) ("Here, the mandatory forum selection clause in the Agreement stated 'the state court situated in Minnehaha County, South Dakota, ***shall be the exclusive jurisdiction*** of any dispute relating to this Agreement.' This language clearly and unequivocally places 'exclusive jurisdiction' for contract disputes between Push Pedal Pull and Casperson in state court and is more than a mere consent to venue.") (emphasis added).

23. Courts elsewhere likewise have concluded the forum selection clauses are not mandatory where, as here, they fail to identify the specified forum as the exclusive jurisdiction or otherwise preclude litigation elsewhere. *See, e.g., Keaty v. Freeport Indonesia, Inc.,* 503 F.2d 955 (5th Cir.1974) (finding a clause ambiguous and permissive when it provided that an "agreement shall be ... enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York," but lacked express language of limitation); *S & B Engineers & Constructors, Ltd. v. Alstom Power, Inc.,* 2004 WL 2360034, *5 (N.D.Tex. Oct.19, 2004) (holding that a clause is permissive if it provides that an agreement "shall be enforceable in the Courts of the Commonwealth of Virginia," but does not include language indicating that litigation is precluded elsewhere); *Integrated Mgmt. Sys., Inc. v. Maity,* 2012 WL 162282, *8 (E.D.Mich. Jan.19, 2012) (classifying as permissive a forum-selection clause

8

providing that a contract "shall be enforceable under the laws of the State of Michigan and in the courts located in Washtenaw County," but "lack[ed] the limiting language of an exclusive choice of forum clause").

24.     The Nondisclosure Agreement provides only that "the parties agree that any action to enforce this Agreement ***shall be brought*** in the state courts within Greene County, Missouri." (Nondisclosure Agreement at p. 2) (emphasis added).  The Nondisclosure Agreement does not provide that: (a) the State Court shall be the exclusive jurisdiction; (b) the parties waive their rights to removal; or (c) any action, having been properly brought in the State Court, must then also remain in such jurisdiction after its filing.

25.     Plaintiff's use of the term "brought" in the Nondisclosure Agreement that it drafted is telling.  "Brought" is the past tense of the verb, "bring."  *See* http://dictionary.reference.com/browse/brought?s=t.  The term "bring" means, in the context of law, "to commence: to bring an action for damages."  *See* http://dictionary.reference.com/browse/bring?s=t.  Thus, the Nondisclosure Agreement provides only that an action to enforce the Nondisclosure Agreement was required to be commenced in the State Court.  It places no limitations following the inception of such action.

26.     Plaintiff drafted the Nondisclosure Agreement and provided it to ACS for signature. (Fox Aff. at ¶8).  Therefore, to the extent the Court determines there is any ambiguity as to the parties' intent in executing the "Entire Agreement and Governing Law" paragraph of the Nondisclosure Agreement, such ambiguity must be interpreted in favor of ACS.  *See, e.g., Triarch Indus., Inc. v. Crabtree,* 158 S.W.3d 772, 776 (Mo. 2005) ("The intent of the parties to a contract is presumed to be expressed by the ordinary meaning of the contract's terms.  If the

contract is unambiguous, it will be enforced according to its terms.  If ambiguous, it will be construed against the drafter, as is the case with other contracts under Missouri law.").

27. Contemporaneously with the filing of this Notice of Removal, Defendants are giving written Notice of Filing the Notice of Removal to Plaintiff, by and through its counsel, and are filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Greene County, Missouri, as required by 28 U.S.C. §1446(d).

28. Payment of the appropriate fees and costs for removal and docketing of this matter in the federal court, if any, is tendered with this notice.

WHEREFORE, Defendants hereby remove this action from the State Court, and pray that this Court accept jurisdiction of this action and that it be placed on the docket of this Court for further proceedings as an action properly removed to it, the same as though this action had originally been instituted in this Court.

On this 8th day of March, 2016.                Respectfully Submitted,


By: */s/ Samuel L. Blatnick*
    Samuel L. Blatnick    Mo Bar #67598
    KUTAK ROCK LLP
    Two Pershing Square
    Suite 800
    2300 Main Street
    Kansas City, MO  64108
    Telephone:  (816) 502-4631
    Facsimile:  (816) 960-0041
    E-mail:  samuel.blatnick@kutakrock.com
    **ATTORNEY FOR DEFENDANTS**
    **ATLANTA CABLE SALES, INC. D.B.A.**
    **ACS SOLUTIONS AND DAVID FOX**

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Notice of Removal was served on Plaintiff's counsel of record by through electronic mail and also by placing a copy of same in the United States Mail in an envelope with adequate postage affixed thereon, properly addressed as follows:

> Joseph L. Johnson, Esq.
> J. Taylor White, Esq.
> Lathrop & Gage, LLP
> 910 E. St. Louis, Suite 100
> Springfield, MO 65806
> jjohnson@lathropgage.com
> twhite@lathropgage.com

This the 8th day of March, 2016.

/s/ *Samuel L. Blatnick*
Samuel L. Blatnick