# EXHIBIT B



Judicial Links  |  eFiling  |  Help  |  Contact Us  |  Print        GrantedPublicAccess  Logoff SBLATNICK67598

**1631-CC00158 - SNYDER EQUIPMENT CO V ATLANTIC CABLE SALES ET AL (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |
|---|---|---|---|---|---|---|---|---|

This information is provided as a service and is not considered an official court record.

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending    ○ Ascending        Display Options: [All Entries ▼]

---

**02/26/2016**  ☐ **Entry of Appearance Filed**
Atty Samuel L Blatnick files Entry of Appearance on behalf of Dfts / JH
**Filed By:** SAMUEL L BLATNICK
**On Behalf Of:** ATLANTA CABLE SALES INC DBA ACS SOLUTIONS, DAVID FOX

**02/22/2016**  ☐ **Notice of Service**
Summons Return filed /st
**Filed By:** JOSEPH LEROY JOHNSON
☐ **Notice of Service**
Summons Return filed. st
**Filed By:** JOSEPH LEROY JOHNSON
☐ **Corporation Served**
Document ID - 16-SMOS-32; Served To - ATLANTA CABLE SALES INC DBA ACS SOLUTIONS; Server
- ; Served Date - 15-FEB-16; Served Time - 00:00:00; Service Type - Special Process Server; Reason
Description - Served; Service Text - By leaving with David Fox, CEO. By SPS Marc Allard.
☐ **Summons Personally Served**
Document ID - 16-SMOS-33; Served To - FOX, DAVID; Server - ; Served Date - 18-FEB-16; Served Time
- 00:00:00; Service Type - Special Process Server; Reason Description - Served; Service Text - By SPS
Marc Allard

**02/08/2016**  ☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 16-SMOS-33, for FOX, DAVID. Summons saved and attached in PDF format for Attorney to
retrieve from secure case.net. /kj
☐ **Summ Issd- Circ Pers Serv O/S**
Document ID: 16-SMOS-32, for ATLANTA CABLE SALES INC DBA ACS SOLUTIONS. Summons saved
and attached in PDF format for Attorney to retrieve from secure case.net. /kj
☐ **Filing Info Sheet eFiling**
**Filed By:** JOSEPH LEROY JOHNSON
☐ **Motion Special Process Server**
Atty for Plaintiff files Request For Appointment of Special Process Server. /kj
**Filed By:** JOSEPH LEROY JOHNSON
**On Behalf Of:** SNYDER EQUIPMENT COMPANY, INC.
☐ **Motion Filed**
Atty for Plaintiff files Plaintiff's Motion For Preliminary Injunction. /kj
**Filed By:** JOSEPH LEROY JOHNSON
☐ **Pet Filed in Circuit Ct**
Atty for Plaintiff files Plaintiff's Verified Petition. /kj
☐ **Judge Assigned**

---

Case.net Version 5.13.10.3            Return to Top of Page            Released 01/27/2016

Electronically Filed - Greene - February 08, 2016 - 10:56 AM

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

SNYDER EQUIPMENT COMPANY, INC. )
                                )
                                )
                    Plaintiff,  )
                                )
vs.                             )          Case No.
                                )
ATLANTA CABLE SALES, INC.       )
doing business as:              )
        ACS SOLUTIONS           )
        495 Horizon Drive NE, Ste. 200 )
        Suwanee, GA 30024       )
and                             )
                                )
DAVID FOX                       )
                                )
        Serve at:               )
        ACS SOLUTIONS           )
        495 Horizon Drive NE, Ste. 200 )
        Suwanee, GA 30024       )
                                )
                    Defendants. )

### PLAINTIFF'S VERIFIED PETITION

COMES NOW the plaintiff Snyder Equipment Company, Inc., by and through its attorneys, and for their claims against defendant Atlanta Cable Sales, Inc., d/b/a ACS SOLUTIONS, and David Fox individually state, allege, and aver as follows:

### FACTS

1.      At all times relevant hereto, plaintiff Snyder Equipment Company, Inc. (hereinafter "Snyder Equipment") was and is a Maryland corporation having principal places of business in Nixa, Christian County, Missouri.

2.      At all times relevant hereto, defendant Atlanta Cable Sales, Inc., d/b/a ACS Solutions (hereinafter "ACS Solutions") was a corporation operating in the State of Georgia.

SPFDDOCS 118766v2

Electronically Filed - Greene - February 08, 2016 - 10:56 AM

3.     At all times relevant hereto, Defendant David Fox was and is an officer and director of Atlanta Cable Sales, Inc., d/b/a ACS Solutions, is now the owner of the corporation, and may be personally served at: David Fox, 495 Horizon Drive, Suite 200, Suwanee, GA 30024.

4.     Jurisdiction and venue are appropriate with this court because the parties hereto entered into a written Confidentiality and Non-Disclosure Agreement (Attached as Exhibit "1") (hereinafter "Confidentiality Agreement"), on or about December 15, 2014, which is the subject of this lawsuit, containing an agreed upon forum selection clause designating the state courts of Greene County, Missouri as the place for any legal action for the enforcement of the contract.

5.     Defendant ACS Solutions will be served through its registered agent:  David Fox, 495 Horizon Drive, Suite 200, Suwanee, GA 30024.

6.     Snyder Equipment is a unique business that designs, engineers, manufactures and sells specialty equipment for the railroad industry, including, among other things, proprietary housings for electronic components for mounting on locomotives referred to in the industry as "Cab Antenna Boxes".

7.     Snyder Equipment has very few competitors, and for many of its products has no competitors due to the propriety designs and manufacturing methods of that company.

8.     Snyder Equipment utilizes extraordinary precaution in maintaining the confidential and proprietary nature of the information, data, records, designs, pricing, and client lists for its business.

2

Electronically Filed - Greene - February 08, 2016 - 10:56 AM

9.      ACS Solutions is also a supplier of certain products to the railroad industry including, among other things, electrical components to be housed in Cab Antenna Boxes similar to those designed, developed and manufactured by Snyder Equipment.

10.     Prior to entering into the Confidentiality and Nondisclosure Agreement with Snyder Equipment, ACS Solutions did not design, manufacture or sell Cab Antenna Boxes in competition with Snyder Equipment.

11.     In December 2014, David Fox and ACS Solutions contacted Snyder Equipment and requested specifications for Snyder manufactured Cab Antenna Boxes.  Defendants claimed to need to inspect the boxes to determine specifications for manufacturing its electrical equipment for installation into the Snyder Cab Antenna Boxes.

12.     Prior to divulging any specifications about its proprietary devices, Snyder Equipment required ACS Solutions to enter into the Confidentiality Agreement.  David Fox signed the Confidentiality Agreement as Vice President of ACS Solutions.

13.     On numerous occasions, Snyder Equipment notified and advised David Fox and ACS Solutions that it considered the design, configuration, dimensions and style of its Cab Antenna Boxes to be its proprietary and the confidential information.

14.     ACS Solutions and David Fox acknowledged that the Cab Antenna Boxes comprise the proprietary and confidential information of Snyder Equipment.

15.     As an incentive to gain access to confidential and proprietary information, David Fox approached Snyder Equipment about entering into a joint business relationship wherein ACS Solutions would provide the internal electrical components and Snyder Equipment would

3

SPFDDOCS 118766v2

provide the Cab Antenna Boxes for the purpose of jointly responding to requests for bids from railroad for the supply of these devices.

16.     As an alternative to the joint business venture, ACS Solutions also offered to sell its assets to Snyder Equipment so that Snyder Equipment could offer fully functioning devices to the railroads rather than the Cab Antenna Boxes alone.

17.     After the Confidentiality Agreement was signed, Snyder sent sample Cab Antenna Boxes to ACS Solutions so that ACS could determine how to configure its electronics to the Cab Antenna Boxes.

18.     Further, enticed by ACS Solutions' proposals, Snyder Equipment agreed to exchange confidential and proprietary information about the source of materials, manufacturing requirements, cost basis and profitability for the Cab Antenna Boxes with ACS Solutions upon ACS Solutions providing financial information about its business.

19.     After the exchange of financial information, all subject to the Confidentiality Agreement, Snyder Equipment personnel travelled to Georgia to meet with David Fox to discuss a business deal with ACS Solutions.

20.     ACS terminated its offer to sell its assets to Snyder Equipment and refused to return any of the proprietary and confidential information that Snyder Equipment had provided to it related to the Cab Antenna Boxes.  Upon information and belief ACS Solutions sold substantially all of its corporate stock to David Fox.

21.     After obtaining the specifications, supply information, cost and profitability of Snyder Equipment's Cab Antenna Boxes, ACS Solutions began manufacturing identical Cab

4

Electronically Filed - Greene - February 08, 2016 - 10:56 AM

Antenna Boxes and, upon information and belief, began undercutting Snyder Equipment's bid prices to the railroad industry.

22.     ACS Solutions has bid directly in competition with Snyder for a substantial supply request from at least one of Snyder Equipment's railroad customers.

23.     At all times relevant hereto, David Fox was knowingly complicit and orchestrated the plan to gain access to Snyder Equipment's proprietary and confidential information about the Cab Antenna Boxes for the purpose of using the information to compete with Snyder Equipment.

24.     Upon information and belief, David Fox consulted with others, including legal counsel, to develop the scheme to gain access to, misappropriate and use Snyder Equipment's confidential and proprietary information.

## COUNT I – BREACH OF CONTRACT

COMES NOW plaintiff Snyder Equipment, Inc. and for Count I of its cause of action against defendant ACS Solutions, Inc., and David Fox states, alleges and avers as follows:

1.     Snyder Equipment realleges, restates and incorporates by reference paragraphs 1 through 24 of this Petition as if fully set forth herein.

2.     ACS Solutions and David Fox had contractual obligations to Snyder Equipment to perform under the Confidentiality Agreement.

3.     The Confidentiality Agreement states, in part: "You (ACS) accept the Confidential Information for the sole purpose of evaluation of a proposed business arrangement between You (ACS) and Company (Snyder). You (ACS) shall not use the Confidential Information for your own or any third party's benefit without the prior written approval of an

5

SPFDDOCS 118766v2

authorized representative of Company (Snyder). The Confidentiality Agreement applies to the "employees and trusted advisors" of ACS Solutions, including David Fox.

4.      ACS Solutions and David Fox breached the terms of the Confidentiality Agreement by taking and using the proprietary and confidential information of Snyder Equipment for use in their own business and in direct competition with Snyder Equipment.

5.      As a result of the breach of the Confidentiality Agreement, Snyder Equipment has lost sales of its products and has suffered monetary damages in excess of $25,000 and in an amount to be determined at trial.

6.      The Confidentiality Agreement includes an attorney fee provisions that states, in relevant part: "In the event that Company (Snyder) institutes any action to enforce the terms of this Agreement, You (ACS) agree to pay Company's (Snyder's) costs, fees and expenses therefore, including reasonable attorney's fees."

WHEREFORE, plaintiff Snyder Equipment, Inc., respectfully requests this Court to find that defendants ACS Solutions and David Fox breached the Confidentiality Agreement and award to Snyder Equipment its damages along with any attorney fees and interest as allowed by the Confidentiality Agreement or Missouri law, and for such additional damages as the Court deems just and proper.

## COUNT II – FRAUD IN THE INDUCEMENT

COMES NOW plaintiff Snyder Equipment, Inc., and for Count II of its cause of action against defendants ACS Solutions and David Fox, states alleges and avers as follows:

6

SPFDDOCS 118766v2

Electronically Filed - Greene - February 08, 2016 - 10:56 AM

1.      Plaintiff realleges, restates, and incorporates by reference paragraphs 1 through 24, and Count I of this Petition as if fully set forth herein.

2.      ACS Solutions, by and through its owners, officers and employees, including David Fox, enticed Snyder Equipment into entering the Confidentiality Agreement and subsequently providing to ACS Solutions its proprietary and confidential information, including product dimensions and specifications, suppliers, costs and profitability of the Cab Antenna Boxes.

3.      ACS Solutions and David Fox specifically promised Snyder Equipment that they would maintain the confidentiality of Snyder's proprietary and confidential information under the pretense of a future joint business venture or a possible sale of ACS Solution's assets to Snyder Equipment.

4.      Snyder Equipment was reasonably justified in relying on the promises and assertions of David Fox and ACS Solutions, and did rely on the promises, including the promises made within the Confidentiality Agreement, that Snyder's proprietary and confidential information would be safeguarded and not used for any of the information for ACS Solution's benefit.

5.      David Fox and ACS Solutions' promises to Snyder Equipment were false at the time they were made and were made for the specific purpose of gaining access to Snyder Equipment's proprietary and confidential information so that David Fox and ACS Solutions could benefit from the information and use it to directly compete with Snyder Equipment.

7

Electronically Filed - Greene - February 08, 2016 - 10:56 AM

6.     As a result of David Fox and ACS Solutions' fraudulent promises, Snyder Equipment has lost sales of its products and has suffered monetary damages in excess of $25,000 and in an amount to be determined at trial.

7.     David Fox and ACS Solutions' promises and actions were intentional and willful, were made with the intent of wrongfully gaining access to Snyder Equipment's proprietary and confidential information all for the purpose of undercutting Snyder Equipment's bids and causing damage and harm to Snyder Equipment, thereby justifying the imposition of punitive damages in an amount sufficient to deter David Fox, ACS Solutions, and others similarly situated, from like actions in the future.

WHEREFORE, plaintiff Snyder Equipment, Inc., respectfully requests this Court to find that defendants ACS Solutions and David Fox committed fraud when inducing Snyder Equipment to enter into  the Confidentiality Agreement and to disclose its proprietary and confidential information and award to Snyder Equipment its damages along with any attorney fees and interest as allowed by the Confidentiality Agreement or Missouri law, for punitive damages, and for such additional damages as the Court deems just and proper.

## COUNT III – TORTIOUS INTERFERENCE WITH BUSINESS EXPECTATION

COMES NOW plaintiff Snyder Equipment, Inc., and for Count III of its cause of action against defendants ACS Solutions and David Fox, states alleges and avers as follows:

1.     Plaintiff realleges, restates, incorporates by reference paragraphs 1 through 24, and Counts I and II, of this Petition as if fully set forth herein.

8

2.      ACS Solutions and David Fox have intentionally and without justification or excuse interfered with Snyder Equipment's sales of Cab Antenna Boxes to third party railroads by offering competing products to those third parties at prices lower than those established by Snyder Equipment using the proprietary and confidential information that it misappropriated from Snyder Equipment to gain an unfair competitive advantage, in that it was able to offer virtually identical product in the market and, upon information and belief, undercut Snyder Equipment's pricing because of its knowledge of the confidential and proprietary information.

3.      ACS Solutions and David Fox have also targeted Snyder Equipment's customers because they know exactly how much to bid to undercut Snyder Equipment to win competitive bidding for sale of the Cab Antenna Boxes.

4.      Snyder Equipment has been damaged as a result of David Fox and ACS Solutions' actions in that Snyder Equipment has lost business opportunities and sales within the railroad industry.

5.      As a result of David Fox and ACS Solutions' tortious interference with Snyder Equipment's business expectations, Snyder Equipment should be awarded an order temporarily and permanently enjoining David Fox and ACS Solutions from interfering with its business, as well as an award for past business losses resulting from ACS Solutions' actions, and such additional damage as to be determined at trial to include any attorney fees allowed by law and court costs incurred.

6.      David Fox and ACS Solutions' actions were intentional, outrageous, and malicious, thereby justifying the imposition of punitive damages against both defendants to prevent them and those who are similarly situated from like actions in the future.

9

SPFDDOCS 118766v2

Electronically Filed - Greene - February 08, 2016 - 10:56 AM

WHEREFORE, plaintiff Snyder Equipment, Inc., respectfully requests the Court to enter judgment in its favor and against defendants David Fox and ACS Solutions to permanently enjoining ACS Solutions from selling Cab Antenna Boxes of the design it misappropriated from Snyder Equipment, from directly targeting Snyder Equipment Group, Inc.'s clientele and customers, and from interfering with any business relation of Snyder Equipment, Inc. and any third party customer or client, and for an award of actual damages, attorney fees and costs allowed by law or contract, for punitive damages and for such further relief as the Court deems just and proper.

## COUNT IV – MISAPPROPRIATION OF TRADE SECRETS

COMES NOW plaintiff Snyder Equipment, Inc., and for this Count IV against defendants David Fox and ACS Solutions, states, alleges and avers as follows:

1.      Plaintiff realleges, restates, incorporates by reference paragraphs 1 through 24, and Counts I – III, of this Petition as if fully set forth herein.

2.      Snyder Equipment takes extraordinary precautions to protect the confidential and proprietary nature of certain information used to operate its business by limiting access to that information, by allocating information on a need to know basis and by other necessary means. The trade secrets of Snyder Equipment are subject to the protections afforded under the Missouri Uniform Trade Secrets Act, Section 417.450 R.S. Mo *et seq.*

3.      Snyder Equipment considers its product designs, product specifications, manufacturing tolerances, schematics, blue prints, supplier list, customer list, pricing information and overall business strategy to be confidential trade secrets of its company. This is particularly

10

the case since there are very few competitors in this industry and access to its confidential trade secrets would allow a third party to unfairly to compete with Snyder Equipment.

4.      ACS Solutions and David Fox misappropriated trade secret information from Snyder Equipment by improper means when it fraudulently induced Snyder Equipment to disclose the trade secrets in the context of a sham business opportunity created by the defendants, and under the promise of confidentiality under the Confidentiality Agreement.

5.      The defendants have used Snyder Equipment product specifications and configurations, along with its customer list, cost basis and pricing strategy to directly solicit the customers of Snyder Equipment and, upon information and belief, undercut its prices for identical products and equipment.

6.      The defendants have utilized the confidential and proprietary designs, including manufacturing tolerances, for Snyder Equipment products to manufacture, or have manufactured, products which are identical to Snyder Equipment products which are unique within the industry. By copying Snyder Equipment's designs, the defendants have gained an unfair competitive advantage and they have been unjustly enriched.

7.      Snyder Equipment is entitled to injunctive relief under Section 417.455 R.S. Mo., including the affirmative acts requested herein as allowed under Section 417.455(3) R.S. Mo.

WHEREFORE, plaintiff Snyder Equipment, Inc., respectfully requests judgment against defendants ACS Solutions and David Fox in an amount that will fairly and justly compensate it for the damages it has sustained, for the unjust enrichment of the defendants, for punitive

11

Electronically Filed - Greene - February 08, 2016 - 10:56 AM

damages if appropriate, for attorney fees and costs allowed by law or contract and for such other and further relief as the Court deems just and proper.

## COUNT V – UNFAIR COMPETITION

COMES NOW plaintiff Snyder Equipment, Inc., and for Count V of its cause of action against defendants ACS Solutions and David Fox, states, alleges and avers as follows:

1.      Plaintiff realleges, restates, and incorporates by reference paragraphs 1 through 24 and Counts I through IV of this Petition as if fully set forth herein.

2.      By gaining access to and misappropriating proprietary and confidential information from Snyder Equipment by fraud and deceit, the defendants have gained an unfair competitive advantage against Snyder Equipment in that it has not incurred the significant time and expense of creating and developing its own products and gaining access to the marketplace and has been able to quickly become a competitor Snyder Equipment.

3.      By utilizing the proprietary information of Snyder Equipment, the defendants have been able to undercut Snyder Equipment pricing and directly target and solicit sales to the exclusive clients of Snyder Equipment.

4.      The defendants use such proprietary and confidential information to unfairly compete with Snyder Equipment by targeting Snyder Equipment customers and undercutting Snyder Equipment prices for products which are the exclusive design and manufacture of Snyder Equipment.  This information includes proprietary designs, configurations, manufacturing specifications, cost and pricing strategy for Cab Antenna Boxes.

12

5.    David Fox and ACS Solutions' actions were intentional, outrageous, and malicious, thereby justifying the imposition of punitive damages against the defendants to prevent them and those who are similarly situated from like actions in the future.

WHEREFORE, plaintiff Snyder Equipment, respectfully requests the Court to enter judgment in its favor and against defendants David Fox and ACS Solutions to preliminarily and permanently enjoining ACS Solutions from selling products based on the Snyder Equipment designs and information, from directly targeting Snyder Equipment's clients and customers, and from interfering with any business relation of Snyder Equipment and any third party customer or client, and for an award of actual damages, attorney fees and costs allowed by law, for punitive damages and for such further relief as the Court deems just and proper.

LATHROP & GAGE, LLP

By: _/s/ Joseph L. Johnson_____
        Joseph L. Johnson, Mo. Bar  45456
        J. Taylor White, Mo. Bar 67001
        910 E. St. Louis, Suite 100
        Springfield, MO  65806
        (417) 886-2000  FAX:  886-9126
        **Attorneys for Plaintiff**

13

STATE OF MISSOURI,    )
                         ) ss
COUNTY OF GREENE,   )

     I, Sam Benson, being the President of Snyder Equipment, Inc., having authorization to act on behalf of the corporation, first being duly sworn, state upon my oath that I have read the foregoing Verified Petition, and the facts stated therein are true and correct to the best of my information and belief.

By: _____
Sam Benson, President
Snyder Equipment Company, Inc.

Subscribed and sworn to before me a Notary Public this ⁷ᵗʰ day of February, 2016.

_____
NOTARY PUBLIC

My Commission Expires:
25 Jan 17

MELINDA SUE PRUITT
Notary Public - Notary Seal
State of Missouri, Christian County
Commission # 13658359
My Commission Expires Jan 25, 2017

14

SPFDDOCS 118766v2

Electronically Filed - Greene - February 08, 2016 - 10:56 AM

**IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI**

SNYDER EQUIPMENT COMPANY, INC. )
           )
           )
       Plaintiff, )
           )
vs.           )  Case No.
           )
ATLANTA CABLE SALES, INC.  )
doing business as:      )
   ACS SOLUTIONS   )
   495 Horizon Drive NE, Ste. 200 )
   Suwanee, GA 30024   )
           )
and          )
           )
DAVID FOX       )
           )
   Serve at:      )
   ACS SOLUTIONS   )
   495 Horizon Drive NE, Ste. 200 )
   Suwanee, GA 30024   )
       Defendants. )

**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

  COME NOW, plaintiffs Snyder Equipment Company, Inc. by and through its attorneys, Lathrop & Gage, LLP, and pursuant to Rule 92.02, of the Missouri Rules of Civil Procedure, move this Court to grant a preliminary injunction enjoining the defendants Atlanta Cable Sales, Inc., and David Fox individually, along with any affiliated companies, corporations, partnerships, and any owners, agents, servants, employees, contractors, successors or assigns, as follows:

  1.  From using any proprietary and confidential information, including, but not limited to: drawings, designs, configurations, schematics, pricing information, supply or

SPFDDOCS 118766v2

sourcing information, customer lists and bid information, it obtained from Snyder Equipment for any purpose;

2.      From bidding on projects against Snyder Equipment for the sale of any Cab Antenna Boxes, or similar devices;

3.      From disseminating any confidential or proprietary information taken by defendant from plaintiff;

4.      From manufacturing or having manufactured, parts and equipment based on the proprietary designs of plaintiff.

If defendants are not enjoined from the stated activities, the plaintiff herein will suffer immediate and irreparable injury and damages in that it will likely lose critical customers necessary to the financial stability of the company.

The requested relief is sought pending a hearing on and in disposition of Plaintiff's Verified Petition filed contemporaneously herewith.  Defendants will receive notice of this Motion for Preliminary Injunction upon service of process of Plaintiff's Verified Petition.

Plaintiff is likely to prevail on the merits of this case.

A hearing is requested at the Court's earliest setting.

SPFDDOCS 118766v2

Electronically Filed - Greene - February 08, 2016 - 10:56 AM

WHEREFORE, Plaintiff Snyder Equipment Company, Inc., requests the Court grant the relief requested herein by enjoining Defendants until the final disposition of this case on the merits, and for such further relief as the Court deems just and proper.

LATHROP & GAGE, LLP

By:__/s/ Joseph L. Johnson_____
       Joseph L. Johnson, Mo. Bar 45456
       J. Taylor White, Mo. Bar 67001
       910 E. St. Louis, Suite 100
       Springfield, MO 65806
       (417) 886-2000 FAX: 886-9126
       **Attorneys for Plaintiff**

SPFDDOCS 118766v2

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| SNYDER EQUIPMENT COMPANY, INC. ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| ATLANTA CABLE SALES, INC. ) | |
| doing business as: ) | |
| ACS SOLUTIONS ) | |
| 495 Horizon Drive NE, Ste. 200 ) | |
| Suwanee, GA 30024 ) | |
| ) | |
| and ) | |
| ) | |
| DAVID FOX ) | |
| ) | |
| Serve at: ) | |
| ACS SOLUTIONS ) | |
| 495 Horizon Drive NE, Ste. 200 ) | |
| Suwanee, GA 30024 ) | |
| Defendants. ) | |

### REQUEST FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff Snyder Equipment Company, Inc., by and through counsel, Lathrop & Gage LLP, and requests that Marc Allard of Atlanta Legal Services, a natural person over the age of 18, who is not a party to this action, be appointed as special process server pursuant to Rule 54.06 of the Missouri Rules of Civil Procedure.

LATHROP & GAGE, LLP

By: _/s/ Joseph L. Johnson_____
Joseph L. Johnson, Mo. Bar 45456
J. Taylor White, Mo. Bar 67001
910 E. St. Louis, Suite 100
Springfield, MO 65806
(417) 886-2000 FAX: 886-9126
**Attorneys for Plaintiff**



# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 1631-CC00158 |
| Plaintiff/Petitioner:<br>SNYDER EQUIPMENT COMPANY INC<br><br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>JOSEPH LEROY JOHNSON<br>LATHROP & GAGE LLP<br>910 E. St. Louis Street<br>Suite 100<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>ATLANTA CABLE SALES INC DBA ACS<br>SOLUTIONS | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **ATLANTA CABLE SALES INC DBA ACS SOLUTIONS**
Alias:

**495 HORIZON DRIVE NE**
**SUITE 200**
**SUWANEE, GA 30024**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*GREENE COUNTY*

_____2/8/16_____     _____KJ_____
Date                                                                          Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
      _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
      _____ (name) _____ (title).
    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server                           Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                          ☐ the judge of the court of which affiant is an officer.
                          ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                             (use for out-of-state officer.)
                          ☐ authorized to administer oaths. (use for court-appointed server.)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (7-04) SM60 *For Court Use Only*: Document ID# 16-SMOS-32     1 of 2     (1631-CC00158)     Rules 54.06, 54.07, 54.14, 54.20;<br>506.500, 506.510 RSMo

Case 6:16-cv-03091-DPR   Document 1-2   Filed 03/08/16   Page 21 of 27

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (7-04) SM60 *For Court Use Only*: **Document ID# 16-SMOS-32**          2 of 2     **(1631-CC00158)**          Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 6:16-cv-03091-DPR   Document 1-2   Filed 03/08/16   Page 22 of 27



# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 1631-CC00158 |
|---|---|
| Plaintiff/Petitioner:<br>SNYDER EQUIPMENT COMPANY INC | Plaintiff's/Petitioner's Attorney/Address:<br>JOSEPH LEROY JOHNSON<br>LATHROP & GAGE LLP<br>910 E. St. Louis Street<br>Suite 100<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>ATLANTA CABLE SALES INC DBA ACS<br>SOLUTIONS | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Breach of Contract | (Date File Stamp) |

*vs.* appears between Plaintiff and Defendant rows.

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: DAVID FOX
Alias:

495 HORIZON DRIVE NE
SUITE 200
SUWANEE, MO 30024

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*GREENE COUNTY*

| \_\_\_\_\_2/8/16\_\_\_\_\_ | \_\_\_\_\_KJ\_\_\_\_\_ |
|---|---|
| Date | Clerk |

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons.
(use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-33      1 of 2   **(1631-CC00158)**      Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

Case 6:16-cv-03091-DPR   Document 1-2   Filed 03/08/16   Page 23 of 27

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Case 6:16-cv-03091-DPR   Document 1-2   Filed 03/08/16   Page 24 of 27



# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 1631-CC00158 |
|---|---|
| Plaintiff/Petitioner:<br>SNYDER EQUIPMENT COMPANY INC | Plaintiff's/Petitioner's Attorney/Address:<br>JOSEPH LEROY JOHNSON<br>LATHROP & GAGE LLP<br>910 E. St. Louis Street<br>Suite 100<br>SPRINGFIELD, MO 65806 |
| Defendant/Respondent:<br>ATLANTA CABLE SALES INC DBA ACS<br>SOLUTIONS | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: DAVID FOX
Alias:

495 HORIZON DRIVE NE
SUITE 200
SUWANEE, MO 30024

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

_____2/8/16_____          _____KJ_____
Date                                    Clerk

*GREENE COUNTY*

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is ___Process Server___ of ___Dekalb___ County, ___GA___ (state).
3. I have served the above summons by: (check one)
   - [X] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   - [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - [ ] other (describe) _____ (title).

Served at ___495 Horizon Dr Suite 200, Suwanee___ (address)
in ___Gwinnett___ County, ___GA___ (state), on ___2/15/16___ (date) at ___1130 AM___ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)

I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons (use for out-of-state officer)
- [X] authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

(Seal)

| Service Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ ( _____ miles @ $ _____ per mile) |
| Total | $ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-33          1 of 2          (1631-CC00158)          Rules 54.06, 54.07, 54.14, 54.20;<br>506.500, 506.510 RSMo



# IN THE 31ST JUDICIAL CIRCUIT COURT, GREENE COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL J CORDONNIER | Case Number: 1631-CC00158 |
|---|---|
| Plaintiff/Petitioner:<br>SNYDER EQUIPMENT COMPANY INC | Plaintiff's/Petitioner's Attorney/Address:<br>JOSEPH LEROY JOHNSON<br>LATHROP & GAGE LLP<br>910 E. St. Louis Street<br>Suite 100<br>SPRINGFIELD, MO 65806 |
| vs. | |
| Defendant/Respondent:<br>ATLANTA CABLE SALES INC DBA ACS SOLUTIONS | Court Address:<br>JUDICIAL COURTS FACILITY<br>1010 N BOONVILLE AVE<br>SPRINGFIELD, MO 65802 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: ATLANTA CABLE SALES INC DBA ACS SOLUTIONS

495 HORIZON DRIVE NE  Alias:
SUITE 200
SUWANEE, GA 30024

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

GREENE COUNTY

_____2/8/16_____     _____KJ_____
Date               Clerk
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Server_ of _Dekalb_ County, _GA_ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _David Fox_ (name), _CEO_ (title).

☐ other (describe) _____

Served at _495 Horizon Dr. Suite 200 Suwanee_ (address)
in _Gwinnett_ County, _GA_ (state), on _2/15/16_ (date) at _11:30 AM_ (time).

_____
Signature of Sheriff or Server

Printed Name of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year).

I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

(Seal)

| Service Fees, if applicable | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ _____ |

*See the following page for directions to clerk and to officer making return on service of summons.*

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 16-SMOS-32     1 of 2    (1631-CC00158)     Rules 54.06, 54.07, 54.14, 54.20;
506.500, 506.510 RSMo

## IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

| | |
|---|---|
| SNYDER EQUIPMENT COMPANY, INC. | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 1631-CC00158 |
| | ) |
| ATLANTA CABLE SALES, INC., D.B.A. | ) |
| ACS SOLUTIONS, AND DAVID FOX, | ) |
| | ) |
| **Defendants.** | ) |

### ENTRY OF APPEARANCE

COMES NOW Samuel L. Blatnick of Kutak Rock LLP and enters his appearance on behalf of Defendants Atlanta Cable Sales, Inc., d.b.a. ACS Solutions, and David Fox.

Dated this 26th day of February, 2016          Respectfully submitted,

By: /s/Samuel L. Blatnick
Samuel L. Blatnick          Mo. Bar #67598
KUTAK ROCK LLP
2300 Main Street, Suite 800
Kansas City, MO 64108
Telephone: (816) 960-0090
Facsimile: (816) 960-0041
samuel.blatnick@kutakrock.com
ATTORNEYS FOR DEFENDANTS
ATLANTA CABLE SALES, INC., D.B.A.
ACS SOLUTIONS, AND DAVID FOX

### CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2016, the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/Samuel L. Blatnick
ATTORNEY FOR DEFENDANTS ATLANTA
CABLE SALES, INC., D.B.A.
ACS SOLUTIONS, AND DAVID FOX

4821-4359-8638.1